```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

| | |
|---|---|
| JAMES MORGAN, | Civil Action No. 19-16478(RMB) |
| Petitioner | |
| v. | **OPINION** |
| DAVID ORTIZ, | |
| Respondent | |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner James Morgan's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1) and his motion to amend the petition. (Mot. to Amend, ECF No. 2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable here under Rule 1, scope of the rules,

> the clerk must promptly forward the petition to a judge … and the judge must promptly examine it. It if plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For the reasons discussed below, the Court lacks jurisdiction over the amended petition under § 2241.

I.  THE AMENDED PETITION

Petitioner, presently confined in the Federal Correctional Institution in Fort Dix, New Jersey, is challenging his conviction and sentence imposed on July 31, 2013, in the United States District Court, Eastern District of Pennsylvania. (Pet., ECF No. 1, ¶4(a)). Petitioner has previously filed a motion to vacate his conviction under § 2255 in the Eastern District of Pennsylvania, and the motion was dismissed on August 22, 2014. (Id., ¶10(a)). Petitioner has also filed more than one motion in the Third Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion to challenge his conviction based on newly discovered evidence. (Id., ¶10(b)).

Prior to this Court reviewing the petition, Petitioner filed a motion to amend to add new claims. (Mot. to Amend, ECF No. 2.) The Federal Rules of Civil Procedure generally apply to proceedings for habeas corpus. Fed. R. Civ. P. 81(a)(4). Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course, within 21 days after service. Fed. R. Civ. P. 15(a)(1). The petition has not yet been served, and Petitioner may file an amended petition. The Court grants the motion to amend.

II. DISCUSSION

Understanding the interplay between § 2241 and § 2255 begins with the enactment of § 2255 in 1948. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). Congress enacted 28 U.S.C. §

2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. Id. A federal prisoner must seek collateral review of his conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Id. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Id. (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to § 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise on collateral review a claim that the federal criminal statute under which he was convicted has since been interpreted more narrowly. Id. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another

round of post-conviction review under § 2241." Bruce, 868 F.3d at 179 (quoting In re Dorsainvil, 119 F.3d at 251.)

To proceed under 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Cordaro v. United States, (3d Cir. Aug. 5, 2019) (internal quotations omitted).

Petitioner relies on United States v. Crooker, 360 F. Supp. 3d 1095 (E.D. Wash. 2019) to pass through the safety valve in § 2255(e). In Crooker, the United States District Court, Eastern District of Washington granted a prisoner's § 2255 motion upon a showing of plea counsel's deficient representation. Crooker, 360 F. Supp. 3d at 1111. Crooker is not a Supreme Court case retroactively applicable on collateral review and does not provide a basis for Petitioner to proceed through the § 2255(e) safety valve.

In his Amended Petition, Petitioner asserts that newly discovered evidence supports relief. (Am. Pet., ECF No. 2 at 2.)

4

To bring a second or successive § 2255 motion based on newly discovered evidence, a Petitioner must seek permission from the appropriate court of appeals. 28 U.S.C. § 2255(h)(1). Dismissal of this petition for lack of jurisdiction under § 2241 is without prejudice to Petitioner seeking permission to file a second or successive § 2255 motion in the Third Circuit Court of Appeals.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the amended petition for lack of jurisdiction.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Date: September 26, 2019